WILLIAM NEIPERT, GEORGE WODE AND JOSEPH BACH-
MAN, Jr., PLAINTIFFS-APPELLANTS, v. YELLOW CAB,
INCORPORATED, A CORPORATION, DEFENDANT-RE-
SPONDENT, AND JOHN LE PAGE, DEFENDANT.

Argued October 27, 1932—Decided January 31, 1933.

For the defendant-respondent, *Henry H. Fryling* (*Elmer
W. Romine*, of counsel).

For the plaintiffs-appellants, *John V. Laddey* (*Benjamin
Gordon*, of counsel).

The opinion of the court was delivered by

KAYS, J. This is an appeal from a judgment entered in
the Essex County Circuit Court. The case was tried before
Judge Flannagan and a jury.

The action was brought by William Neipert, George Wode
and Joseph Bachmann, Jr., against the Yellow Cab, Incor-
porated, and John Le Page, the driver of the taxicab, to re-
cover compensation for injuries sustained by them while they
were riding in a taxicab of the defendant company. It ap-
pears from the evidence that on Sunday morning, January
26th, 1930, about two A. M., the three plaintiffs summoned
a taxicab of the defendant company on Washington street,
in the city of Newark, and directed Le Page, who was the
driver of the taxicab, to take them to a place on the corner

of Washington street where beer and drinks were served. The plaintiffs directed the driver of the taxicab to wait for them. There was testimony that the plaintiffs asked the taxicab driver to come in the place where they stopped and which he finally agreed to do. While at this place the plaintiffs treated the taxicab driver to a number of drinks and they remained there drinking for about two hours. The taxicab driver testified that he was treated to beer by the plaintiffs. Thereafter the plaintiffs left this place in Newark and directed the driver of the taxicab to take them to Elizabeth. It also appears from the evidence there was a fourth man in the party when they left the place on Washington street, Newark. There was evidence of a doctor who examined the taxicab driver after the accident, that he had been drinking and there was also evidence from others that the taxicab driver and also the complainants had been drinking. There was sufficient evidence in the case to warrant the jury in finding that both the taxicab driver and the occupants of the car had been drinking together at the request and with the knowledge of the plaintiffs and that they were, or to some extent, under the influence of liquor when they left the place in Washington street, Newark, and directed the driver of the taxicab to take them to Elizabeth. There is no evidence in the case that any of the plaintiffs complained to the driver of the speed of the car which he was driving. While they were proceeding to Elizabeth in the taxicab the taxicab struck a telephone pole and the plaintiffs were injured, as a result of which this suit was brought.

The case of the defendant below was presented to the court and jury upon the theory that the plaintiffs well knew that the taxicab driver had been indulging in drink and that, therefore, they assumed the risks and dangers while riding in a taxicab driven by him. The jury rendered a verdict in favor of the defendants, Yellow Cab, Incorporated, and John Le Page, of no cause of action, upon which judgment was entered. From this judgment the appellants, who were the plaintiffs below, appeal here setting up thirty causes for reversal of which seven are argued here under five points.

The first point argued is that it was error for the court to deny plaintiffs' request that the pleadings should be given to the jury to be taken to the jury room. There appears to be no such request in the state of the case although an exception seems to be taken to such a refusal. As there is no reason shown for such a request in the record as it appears before us, this point is without merit.

The next cause for reversal argued is that the court erroneously refused to charge the plaintiffs' second request and that the instruction given to the jury by the court in lieu thereof was erroneous. There is nothing in the record before us to show that counsel for the appellant excepted to the refusal of the court to charge plaintiffs' second request and, therefore, there is no merit in this contention.

The next point argued is that the court erroneously refused to charge the fifth request. There is nothing in the record before us to show that counsel for the appellant excepted to the refusal of this request to charge. Therefore, the matter is not properly before us for review.

The next point argued is that the court improperly charged the jury as to contributory negligence. No proper exceptions to the court's charge respecting contributory negligence was made by counsel and, therefore, this point is not properly before us for consideration.

The last point argued is that the court refused to charge the jury plaintiffs' ninth request to charge which read as follows: "If the act resulting in the injury complained of was within the scope of the servant's employment, the master will be liable therefor, although the act was in violation of the master's instructions as to the method of performing the work or expressly forbidden by him, and without regard to the servant's motive. This is so because the test of the master's responsibility for the acts of his servants is not whether such act was done in accordance with the instructions of the master to the servant, but whether it was done in the prosecution of the business that the servant was employed to do." During the course of the trial an effort was made by the defendant below to introduce evidence that the rules and

regulations of the defendant company prohibited its drivers of taxicabs from drinking in the course of their employment. This evidence was excluded upon an objection by counsel for the plaintiffs and, therefore, there was no proof before the court to this effect. In addition to this the court charged the jury as follows: "A man who goes and hires a taxicab, if the driver is under the influence of intoxicating liquor, and that condition is not observable or patent to the customer, and that driver has imbibed intoxicating liquor and by reason thereof is guilty of negligence, the taxicab company is responsible for that negligence and they cannot evade it on the theory or on the evidence that they have told their drivers not to drink, or instructed them such." We think that if this question was before the court, the request of the plaintiff was covered by this part of the court's charge, in addition to the other parts of the charge which referred to the questions of negligence and the relation of master and servant.

We are, therefore, of the opinion that there is nothing before us which constitutes a good cause for reversal. Therefore the judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.